# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CARL E. McDONALD, JR., ) | |
| Plaintiff, ) | |
| v. ) | No. 4:05-CV-2237 CAS |
| MISSOURI SEXUAL OFFENDER ) TREATMENT CENTER, et al., ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Carl E. McDonald, Jr., a civil detainee at the Missouri Sexual Offender Treatment Center located in Farmington, Missouri (MSOTC), for leave to commence this action without payment of the required filing fee. [Doc. 1] See 28 U.S.C. § 1915(a). Also before the Court are various motions and applicant's motion to "stay proceeding." [Doc. 9]

Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant applicant's motion to proceed in forma pauperis. [Doc. 1]

### **The complaint**

Plaintiff's complaint consists of seventy-four handwritten pages and three appendices (totaling an additional forty handwritten pages), including 416 separately numbered "condensed facts." Although plaintiff previously represented to the Court that the instant action was an "original proceeding" because "neither this cause, nor a substantially equivalent complaint has been filed in this Court," see Original Filing Form filed Nov. 25, 2005, the Court notes that the instant complaint does,

in fact, assert claims plaintiff already has raised in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-1122 CAS (E.D. Mo.). Indeed, plaintiff admits in the instant motion to stay proceedings that the instant action is "very similar" to the prior action.[1]

## Motion to Stay Proceedings

On March 1, 2006, plaintiff filed a motion to stay proceeding [Doc. 9], in which he informs the Court that he wishes to amend the instant complaint to assert claims raised in the prior complaint.[2] Plaintiff also states that he "intend[s] to transfer the submitted exhibit/evidence filed" in case No. 4:05-CV-1122 CAS "over to the afore captioned [sic] complaint, upon Court's allowance." Mot. to Stay at 2. Based on plaintiff's representations in the motion to stay proceedings, the Court will refrain from reviewing the instant complaint under 28 U.S.C. § 1915(e)(2)(B), deny without prejudice the pending motions herein, and direct the Clerk not to issue process upon the instant complaint.

Plaintiff is cautioned that the Court will not stay this proceeding indefinitely. Plaintiff is further cautioned that the Court will place limits on the length of the amended complaint that plaintiff may file in this action. Plaintiff is advised that Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleading standards, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), Fed. R. Civ. P. In order to conform to the requirements of Rule 8, plaintiff's complaint must contain "(1) a **short and plain** statement of the grounds upon which the court's jurisdiction depends . . . , (2) a **short and plain** statement of the

---

[1] See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-54 (8th Cir. 2001) (plaintiff may not pursue multiple federal suits against same parties involving same controversy at same time).

[2] In a corresponding motion filed in McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05CV1122(CAS), plaintiff advises the Court that he intends to voluntarily dismiss that action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis added). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Under federal "notice pleading" rules, a pleading need only be sufficient to place the opposing party on notice of the possible claims. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

Although plaintiff is pro se, he must still comply with the orders of this Court and the Federal Rules of Civil Procedure. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Plaintiff's current complaint abjectly fails to meet the short and plain statement requirement of Rule 8(a) and is the opposite of "simple, concise, and direct." As such, plaintiff's complaint is subject to dismissal without prejudice for failure to comply with Rule 8(a).

The Court will limit plaintiff to a twenty-page amended complaint. Because of this limitation, the amended complaint should focus on the most serious restrictions and conditions of confinement which are alleged to infringe on plaintiff's constitutional rights, and should avoid trivial and patently frivolous claims (such as that MSOTC limits the use of sugar sweetener, does not provide access to sewing machines, does not allow residents to carry a pocket comb, and serves only fat-free salad dressings, among many other frivolous claims included in plaintiff's complaint). The Supreme Court has instructed that federal courts must refrain from micromanaging the common incidents of life in detention, cf. Sandin v. Conner, 515 U.S. 472, 481 (1995) (prison context), and plaintiff is advised that this Court will not entertain trivial claims concerning conditions of confinement.

The Court reminds plaintiff that he has been found by a state court to be a "sexually violent predator" -- a person who suffers from a mental abnormality that makes him more likely to engage

3

in predatory acts of sexual violence if not confined in a secure facility, and who also (1) had been found guilty of a sexually violent offense; (2) found not guilty by reason of mental disease or defect of a sexually violent offense; or (3) had been committed as a criminal sexual psychopath. See Mo. Rev. Stat. § 632.480(5)(a)-(b) (2000). The exhibits attached to the complaint indicate that plaintiff was convicted of sodomizing his seven-year old stepdaughter. Restrictions and conditions of confinement that are consistent with the legitimate goals of plaintiff's current detention, i.e., to protect society and treat plaintiff's mental condition, are not unconstitutional. Cf. Seling v. Young, 531 U.S. 250, 261 (2001) (confinement of sexually violent predator in segregated unit inside state's prison system did not violate detainee's rights because detainee was dangerous to the community).

While a plaintiff does not surrender all constitutional rights when he is lawfully held in detention, the fact of detention -- along with the legitimate goals and policies of the detention facility -- does cause the necessary withdrawal or limitation of many privileges and rights. See Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Supreme Court has stated that detention facility administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve . . . institutional security . . . and, in the absence of substantial evidence in the record to indicate that officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Id. at 547-48. See, e.g., Bradford v. Semar, No. 4:04-CV-1711 CDP, slip op. at 4-7 (E.D. Mo. July 28, 2005) (dismissing as frivolous detainee's claim that MSOTC procedures for making an outside telephone call, which procedure notifies the recipient that the call is from a civil detainee at MSOTC, violated both the detainee's privacy rights and the Health Insurance Portability and Accountability Act).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that plaintiff's motion to stay proceedings is **GRANTED,** but said stay shall expire on April 10, 2006. [Doc. 9]

**IT IS FURTHER ORDERED** that no later than **April 10, 2006**, plaintiff shall file an amended complaint in this case, limited to a total of twenty (20) pages in length (including all attachments thereto), setting forth a short and plain statement of his claims and stating how each defendant is directly and personally responsible for the alleged violations of his rights.

**IT IS FURTHER ORDERED** that no later than **April 10, 2006**, plaintiff shall file in this case a list specifically identifying each and every exhibit he wishes to transfer from McDonald v. Missouri Sexual Offender Treatment Center, No. 4:05-CV-1122 CAS, to this action. Plaintiff may not transfer the complaint or any of the appendices attached thereto in No. 4:05-CV-1122 CAS to this action. In the event plaintiff does not timely comply with this order, such transfer will not be allowed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the instant action will be dismissed by this Court without prejudice for failure to comply with Rule 8(a), Fed. R. Civ. P., and with the orders of the Court. See Rule 41(b), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that upon plaintiff's timely filing of an amended complaint in this case, the Court will dismiss without prejudice McDonald v. Missouri Sexual Offender

Treatment Center, et al., Case No. 4:05-CV-1122 CAS (E.D. Mo.), pursuant to Rule 41(a), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction, motion for leave of Court on the posting of injunction security, motion to certify class, and motion to appoint counsel are **DENIED without prejudice**. [Doc. 4, 5, 6, 7]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of March, 2006.